*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2014-126

SEPTEMBER TERM, 2014

| | | |
|---|---|---|
| Bryan E. Jones and Bryan E. Jones Trust | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Town of Proctor | } | DOCKET NO. 216-3-13 Rdcv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Plaintiffs Bryan E. Jones and Bryan E. Jones Trust (Jones) appeal the superior court's summary judgment ruling in favor of defendant Town of Proctor (Town) with respect to Jones' complaint seeking damages based on the Town's allegedly inequitable water and sewer billing system. We affirm.

Jones owns a house in the Town of Proctor separated into five units. In March 2013, he filed a complaint alleging that the Town's system of charging for water and sewer per living unit rather than by usage was inherently unfair. He alleged that on December 1, 2011, he installed a water meter at his building and discovered after a year of metering that he had paid $2765 more during that year than what he should have paid, taking into account the total town water usage and the total amount billed to property owners for costs associated with water and sewer usage. Applying this method over the thirty-five-year period during which he owned the building, he estimated that the Town had overbilled him by over $102,000. He requested a jury trial to set damages.

The Town filed an answer and a motion to dismiss, stating that its water and sewer rates conformed to the requirements of Vermont statutes and were equitable, reasonable, and non-discriminatory. The Town further stated that its rates were based on a system of equivalent users operating from a baseline established under a Department of Environmental Conservation water-supply rule, and that the rates are calculated by dividing the estimated total cost of the services by the number of equivalent users, with large users being charged multiple equivalent-user fees according to estimated usage. Jones responded that a flat-rate system was not per se inequitable, but that the Town's method of equating all residences and commercial businesses was inequitable and discriminatory against owners of apartment buildings and small houses. The superior court denied the motion to dismiss as premature, stating that the parties should file summary judgment motions with accompanying statements of undisputed material facts to aid the court in determining whether Jones had any legally recognized claim.

The parties then filed cross-motions for summary judgment. In his motion for summary judgment, Jones reiterated his belief that the Town's method for billing water and sewer was

inequitable and discriminatory because a small apartment unit was not an equivalent user when compared to a large residence. In his accompanying statement of undisputed material facts, he stated, among other things, that: (1) under the Town's flat-billing system an efficiency apartment is an equivalent user to a Proctor mansion containing multiple bedrooms and bathrooms; (2) there are no laundry facilities in his apartment building; (3) the water meter installed on his property indicated that he used 92,870 gallons of water between December 1, 2011 and November 30, 2012; (4) based on information from the Town that it charged property owners $375,000 the previous year to pay for the 140,525,000 gallons used, the average user paid $267 for water and $287 for sewer per 100,000 gallons, and yet the Town charged him $3420 for using only 92,870 gallons; and (5) under the Town's rate system, approximately 17% of the housing-related expenses of his efficiency apartment go toward water and sewer charges, while the Proctor mansion's water and sewer bills amount to less than 4% of its property taxes.

The Town opposed Jones' motion, arguing that his alleged facts, even if presumed to be true, did not support his claim that the Town's water and sewer billing system was inequitable or unlawful. The Town further argued that his alleged facts were not substantiated as required by Vermont Rule of Civil Procedure 56(c)(1), which states that a party asserting a genuinely disputed material fact must support the assertion by filing a separate and concise statement of disputed facts "with specific citations to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, stipulations . . . , admissions, interrogatory answers, or other materials." Along with its opposition to Jones' motion for summary judgment, the Town filed its own motion for summary judgment accompanied by an affidavit from the town administrator. The motion and affidavit stated, among other things, that: (1) the Town's rate system is expressly permitted by statutory law, particularly 24 V.S.A. § 3615(2); (2) the rates are calculated by dividing the estimated total cost of services by the total number of equivalent users, with large users charged multiple equivalent-user fees according to the estimated flows in the Department of Environmental Conservation water-supply rule; (3) an equivalent user, the base and minimum unit under the Town's water and sewer ordinance, is a "dwelling unit," defined as a building or entirely self-contained portion of a building that includes complete housekeeping facilities for one family; (4) rates are not determined by the size of the dwelling unit; (5) an equivalent unit is not the same thing as a connection insofar as a single connection can serve multiple dwellings; and (6) the Town has determined, as permitted under § 3615(2), that no user will be billed less than the minimum charge determined for a single-family dwelling unit; and (7) on May 19, 2009, the town voters rejected a proposal to install meters to determine water and sewer usage and rates.

In response to the parties' motions, the superior court issued a decision denying Jones' motion and granting the Town's motion. The court ruled that Jones failed to present affidavits or other supporting materials to sustain his burden of demonstrating that the Town's water and sewer rates were unreasonable. The court stated that Jones had relied only upon bald statements and extreme hypotheticals to support his claims, and that it was not inherently unreasonable for the Town to base water and sewer rates on the number of dwelling units located on a property, even if those dwelling units are efficiency apartments. Jones filed a motion under Vermont Rule of Civil Procedure 59 asking the court to accept new evidence—specifically his affidavit and some lister cards—in support of his contention that the Town's water and sewer rates are inequitable and discriminatory. The court denied the motion

Jones appeals, arguing that the Town's rate system is inequitable and discriminatory in that it treats as equivalent users all dwelling units regardless of their size, number of fixtures,

2

number of bedrooms, or potential water usage. We treat his argument as based on the governing statute because he has not explicitly asserted a constitutional claim. We also note that he sought damages rather than injunctive relief, although he has not indicated any legal basis entitling him to a damage award. Jones acknowledges that his inexperience as a pro se litigant may have led to procedural errors fatal to his case, but asks this Court to rectify what he perceives as a clear injustice. He points out that he attempted to file an affidavit and lister cards as additional evidence in his post-trial motion, but the court did not allow him to do so. He also states that an affidavit may not have been necessary in this case because there are disputed facts at issue.

We concur with the superior court's ruling that the Town is entitled to summary judgment because of Jones' failure to cite supporting evidence for the assertions underlying his claim. See In re Shenandoah LLC, 2011 VT 68, ¶ 17, 190 Vt. 149 (stating that, in granting summary judgment, court was not bound by bald assertions contained in documents). To be sure, municipal water and sewer rates must be equitable and nondiscriminatory. Handy v. City of Rutland, 156 Vt. 397, 402, 404 (1990) (stating that municipalities "may not impose inequitable or discriminatory sewer rates" and that Vermont law "requires that rates be fair, equitable, and reasonable"); accord Robes v. Town of Hartford, 161 Vt. 187, 194 (1993). Indeed, § 3615 of Title 24 allows several different methods for imposing sewer charges or "any other equitable basis" or "any combination of these bases, so long as the combination is equitable." But municipalities are not required to base water or sewer charges on actual usage. Robes, 161 Vt. at 195. Moreover, "because the rates established by a lawful rate-fixing body are presumed reasonable, the persons challenging the rates bear the burden of showing that they are unreasonable." Handy, 156 Vt. at 404.

In this case, as the superior court stated, Jones relied upon bald assertions and unsubstantiated facts to support his claim that the Town's rate system is inequitable. Essentially, Jones' claim of inequity rests upon his unsubstantiated assertions that: (1) he metered his property for a year and discovered that he was paying significantly more than what he would have paid as an average user calculated by comparing the total amount the Town charged for water and sewer with the total number of gallons used; and (2) commercial businesses and large residences use far more water than small apartments and yet are charged the same. Even if the first assertion were substantiated and assumed to be true, it would not prove that the Town's rating system is inequitable. His calculation does not take into account any large users charged multiple equivalent-user fees under the Town's system, as indicated in the town administrator's unchallenged affidavit. Nor does his calculation reflect the system's fixed costs that do not vary depending upon the amount of water consumed.

As for his second assertion, the size of a property or even the number of fixtures contained therein is not necessarily proportional to water or sewer usage. In short, Jones failed to cite any evidence or expert testimony sufficient to overcome the presumption that the Town's system is reasonable and to satisfy his burden to show that the system was inequitable. This would be true even if the superior court had allowed him to submit his affidavit, which attested to the facts above, and the lister cards, which merely showed the existence of large homes with many fixtures. The court, however, did not err in denying a post-trial motion seeking to submit additional evidence following the court's decision.

The Town contends that its rate system is explicitly allowed by § 3615(2), which permits charges based on

3

the number of equivalent units connected with or served by the sewage system based upon their estimated flows compared to the estimated flows from a single family dwelling however, the commissioners may determine no user will be billed less than the minimum charge determined for the single family dwelling charge for fixed operations and maintenance costs and bond payment.

Jones argues that the Town's system is not permitted under this provision because a small apartment, which the Town considers to be a dwelling unit and thus an equivalent user, is not the equivalent of a large home when it comes to water usage. For the reasons stated above, Jones' bare assertions fail as a matter of law to support this argument and sustain his burden of demonstrating that the Town's rate system is inequitable. In short, he has failed to make a sufficient showing to overcome the Town's motion for summary judgment.

      <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4